IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMBER WILLIAMS, <br><br> Plaintiff. <br><br> v. <br><br> R.S. INDEPENDENT HOME HEALTH CARE, LLC, <br><br> Defendant. | Case No. 1:23-cv-03050 <br><br> Judge Nancy L. Maldonado |

# JOINT [INITIAL] STATUS REPORT

The parties have conferred as required by Rule 26(f), and jointly submit the following discovery plan. *See* Fed. R. Civ. P. 26(f)(2); Fed. R. Civ. P. 26(f)(3); Fed. R. Civ. P. 16(b). The parties understand that the Court will enter a scheduling order under Rule 16(b)(1), and that the Court will modify any such schedule "only for good cause." *See* Fed. R. Civ. P. 16(b)(4).

1. **The Nature of the Case**
    a. **Attorneys of Record:**

| | |
|---|---|
| **Alexander Taylor, Esq.** (Lead Attorney) <br> SULAIMAN LAW GROUP LTD. <br> 2500 South Highland Ave., Suite 200 <br> Lombard, IL 60148 <br> (630) 575-8181 <br> ataylor@sulaimanlaw.com <br> *Attorneys for Plaintiff* | **Terri Blanchard, Esq.** (Lead Attorney) <br> **Blanchard Law Group, PC** <br> **15255 S. 94th Ave., Suite 500** <br> **Orland Park, IL 60462** <br> **tblanchard@blanchardlawgroup.org** <br> *Attorneys for Defendant* |

b. **Nature of the Claims**:

Plaintiff's lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201, et. seq. (the "FLSA") for Defendant's alleged retaliation under Section 15(a)(3) of the FLSA.

c. **Major Legal and Factual Issues:**

  i. Whether Plaintiff made a complaint regarding her wages.
  ii. Whether there is a basis for employer liability,
  iii. Whether there was a materially adverse action taken by the employer motivated by Plaintiff's Complaints
  iv. Whether Plaintiff was damaged; and
  v. Whether Plaintiff mitigated any damages
  vi. Defendant's affirmative defenses

d. **Relief Sought by Plaintiff:**

  i. Relief as appropriate to effectuate the purpose of Section 15(a)(3) of the FLSA against the Defendant
  ii. Punitive Damages
  iii. Damages for Emotional Distress

2. **Jurisdiction:**

   a. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331. This action is authorized and instituted pursuant to 29 U.S.C. § 201, et. seq.

   b. **Federal Question Statutes**:

   Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1391(b) insofar as Defendant

operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District..

3. **Status of Service**:

    a. Defendant has been served

4. **Consent to Proceed Before a United States Magistrate Judge:**

    Counsel has informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment, and the parties do not unanimously consent to that procedure
    .

5. **Motions:**

    a. **Pending Motions:**

    No pending Motions .

    b. **Defendant's Responsive Pleading:** Defendant answered the Complaint.

6. **Case Plan**

    a. **Proposed Discovery Plan:**

    i. <u>Type of Discovery Needed</u>: the general type of discovery needed;

        1. Written and oral discovery will be needed, including employment documents related to Plaintiff and the alleged harasser, employment policies and trainings, text messages, other electronic communications, witness statements, police reports, and damages-related discovery.

2. Discovery will likely encompass electronically stored information (ESI). The parties have agreed to electronic service and do not anticipate any issues regarding disclosure or discovery of ESI.

3. At this time, there are no issues or specific agreements regarding claims of privilege or protection of trial preparation materials, except that the parties desire that the Court enter an order regarding a procedure to assert such claims after production pursuant to Federal Rule of Evidence 502(d). The parties anticipate submitting to the Court a proposed Confidentiality Order, which will be based on the Model Confidentiality Order under Form LR 26.2

ii. <u>Rule 26(a)(1) Initial Disclosures Due</u>: to be exchanged on or before: **<u>August 8, 2023</u>**;

iii. <u>Date to Issue Written Discovery</u>: First date by which to issue written discovery; **<u>August 8, 2023.</u>**

iv. <u>Deadline to Complete Fact Discovery</u>: **<u>October 31, 2023</u>**

v. <u>Expert Discovery</u>: At this time, the parties are unsure about the need for expert discovery and request a status hearing near the completion of fact discovery to advise the Court whether expert discovery is needed;

      vi. <u>Deadline to File Dispositive Motions</u>: a date for the filing of dispositive motions. **<u>January 8, 2024</u>**

  b. **Trial:**

      i. <u>Jury Demand:</u> indicate whether a jury trial is requested;

          1. <u>Plaintiff Demands Jury Trial</u>

      ii. <u>Length of Trial:</u> the probable length of trial.**4-5 Days**

7. **<u>Settlement</u>**

  a. **Settlement Discussions:** State whether any settlement discussions have occurred.

      i. Settlement discussions occurred when Plaintiff made an initial demand on March 30, 2023.

  b. **Status:** Describe the status of any settlement discussions.

      i. The parties were unable to resolve the matter.

  c. **Settlement Conference:** State whether the parties request a settlement conference.

      i. The parties do not believe that a settlement conference would be productive at this time

Respectfully submitted,

*s/ Alexander Taylor*
**Alexander Taylor, Esq**
**Sulaiman Law Group LTD.**
**2500 S. Highland Avenue, Suite 200**
**Lombard, Illinois 60148**

**Phone (630) 575-8181**
ataylor@sulaimanlaw.com
*Attorneys for Plaintiff*

*/s/ Terri Blanchard*
**Terri Blanchard, Esq.** (Lead Attorney)
**Blanchard Law Group, PC**
**15255 S. 94th Ave., Suite 500**
**Orland Park, IL 60462**
tblanchard@blanchardlawgroup.org
*Attorneys for Defendant*